For plaintiff: Moore & Curry.

For defendant: Mortimer H. Sullivan.

Horatio R. Farwell
vs.          } Div. No. 22559
Letitia B. Farwell

October 15, 1928.

HAHN, J. This is a petition for divorce filed by Horatio R. Farwell, of East Providence, against Letitia B. Farwell, of Roslindale, in the County of Suffolk and Commonwealth of Massachusetts, praying that a decree be entered divorcing him from the bond of marriage and from the said Letitia B. Farwell on the ground that the parties have lived separate and apart for the period of ten years next before the filing of this petition, under the provisions of section 3 of chapter 291 of the General Laws of 1923.

The petitioner testified that he separated from said respondent in August, 1915, which fact was corroborated by the testimony of the respondent. The petitioner further testified that immediately thereafter he lived as a boarder at the home of a Mrs. Donahue at Braintree, Massachusetts. until July 15th, 1926, when he removed to Grosvenor Avenue, East Providence,

R. I., the new residence of Mrs. Donahue, and later removed to Lookout Avenue, East Providence. still as a boarder at the home of Mrs. Donahue. His testimony further showed that on July 15th, 1926, the petitioner appeared, having been cited so to do, in the Probate Court of the County of Suffolk, Massachusetts, held at Boston, to show cause why he should not be adjudged in contempt for the non-payment of arrears arising from his failure to comply with the order of that court providing for the support of this respondent. At such hearing the petitioner had counsel and the matter was continued to July 22nd, 1926, for disposition. The petitioner never thereafter voluntarily appeared at said court to be heard in said proceedings, but was later, in February, 1927, taken back to Boston, having been arrested in Rhode Island as a fugitive from justice on a criminal indictment charging him with non-support. He thereafterwards paid the sum of $800 to this respondent through her attorney and the indictment was disposed of by reason of such payment.

At the time of the hearing in this court the petitioner testified that he moved to Rhode Island for the purpose of avoiding the order of the Probate Court of the County of Suffolk providing for the support of said respondent. The respondent testified that in February, 1920, the Probate Court of the County of Suffolk granted her petition for a divorce from the bed and board of said Horatio R. Farwell, this fact being corroborated by Raymond L. Cushing, Esq., and that the last entry on the docket in such case was that a capias had issued for said Horatio R. Farwell for failure to comply with the order of such court.

The question before this Court is whether petitioner has established a bona fide domicile in Rhode Island under such circumstances as would entitle him to apply for a divorce from respondent and whether the conduct of petitioner has been of such character that this Court in the exercise of its discretion in matters of this nature should grant his petition.

The testimony shows that the parties have lived apart for thirteen years, during which entire time the petitioner admits he has continuously resided as a boarder with Mrs. Donahue, is at present residing with her, and that she left Massachusetts for Rhode Island on the same day petitioner came to Rhode Island. He also admits that he has driven several automobiles belonging to her and that he is employed by her in the manufacture of overalls for the sum of $20 per week; that said overall business was originally started by him but in some manner was turned over to Mrs. Donahue.

While petitioner came to Rhode Island for the purpose of escaping an order of the Massachusetts court, he claims that he came here intending to reside here and has since that time without doubt been a resident of the State of Rhode Island and employed and engaged in business in this State. He also has registered to vote at the next election. From all these facts, it seems to the Court that the petitioner is, for the purposes of this case, a resident of Rhode Island and has lived separate and apart from respondent for more than ten years.

Petitioner cites three Rhode Island cases (*Guillot* vs. *Guillot*, 42 R. I. 230; *Stewart* vs. *Stewart*, 45 R. I. 375; *Camire* vs. *Camire*, 43 R. I. 489) in support of his position and contends that his petition should be granted under the principles enunciated in the case of *Camire* vs. *Camire*, *supra*, the following quotation being taken from page 491:

"In the statutory provision in question the intent of the General Assembly appears that when a husband and wife have lived separate and apart for ten years there is lit-

tle prospect of reconciliation between them and that then, after such ample time for reconciliation has been given, either should be allowed to appeal to the discretion of a justice of the Superior Court, asking that they be freed from a bond which is no longer beneficial to them or to society. If, upon hearing the evidence, the trial court finds that although he forces the parties to continue the relation of husband and wife they will probably persist in living apart, without attempts at reconciliation, such finding must be an important consideration in passing upon a petition of this kind."

While it might be beneficial from a certain standpoint to one of the parties to this petition and to society to free the parties from the bond of marriage, it seems to this Court, under the circumstances of the case at bar—where the petitioner has continuously violated the obligations of the marriage covenant by his conduct with another woman, and has further done all in his power to escape his duty to support his wife, and has placed himself in a position where criminal proceedings were required to compel him to perform his duty—that to grant this divorce would serve as a precedent in establishing the principle that, regardless of any and all acts contrary to the marriage covenant, if the parties have lived separate and apart for ten years a divorce should be granted. Such a decision would be prejudicial to society and this Court will not create such a precedent by exercising its discretion and granting a divorce under the circumstances of the case at bar.

Petition denied.

For petitioner: Malcolm D. Champlin.

For respondent: Michael Addeo and R. L. Cummings.